PETER A. LINDH (061907)
plindh@gibsonrobb.com
MARKER E. LOVELL, JR. (208659)
mlovell@gibsonrobb.com
GIBSON ROBB & LINDH LLP
100 First Street, 27th Floor
San Francisco, California 94105
Telephone: (415) 348-6000
Facsimile: (415) 348-6001

Attorneys for Petitioners
HYATT CORPORATION dba
HYATT REGENCY MAUI RESORT & SPA,
and MAUI BOAT CO.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of HYATT CORPORATION dba HYATT REGENCY MAUI RESORT & SPA, a Delaware corporation, as pro hac vice owner, and MAUI BOAT CO., a Delaware corporation, as owner of M/S KIELE V, O.N. 628114, for exoneration from or limitation of liability | Case No. 2:09-cv-1220 JAM DAD<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint filed:  May 4, 2009<br>Trial Date:  December 6, 2010<br>Honorable John A. Mendez |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action involves production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are confidential and produced subject to this Stipulated Protective Order.

///

[**Summary of pleading**] – 1

PDF created with pdfFactory trial version www.pdffactory.com

## 2. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

## 3. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs.

## 4. DESIGNATING PROTECTED MATERIAL

4.1 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 4.1(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the producing party affix the legend "PRODUCED SUBJECT TO PROTECTIVE ORDER" on each page that contains protected material.

A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be considered Protected Material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "PRODUCED SUBJECT TO PROTECTIVE ORDER." When it is impractical to identify separately each portion of testimony

PDF created with pdfFactory trial version www.pdffactory.com

that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("PRODUCED SUBJECT TO PROTECTIVE ORDER"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "PRODUCED SUBJECT TO PROTECTIVE ORDER," as instructed by the party or nonparty offering or sponsoring the witness or presenting the testimony.

4.2 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "PRODUCED SUBJECT TO PROTECTIVE ORDER" does not, standing alone, waive the designating party's right to secure protection under this Order for such material. If material is appropriately designated as "PRODUCED SUBJECT TO PROTECTIVE ORDER" after the material was initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

5.1 <u>Basic Principles</u>. A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a receiving party must comply with the provisions of section 9, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

[**Summary of pleading**] – 3

PDF created with pdfFactory trial version www.pdffactory.com

5.2 Disclosure of Information or Items PRODUCED SUBJECT TO PROTECTIVE ORDER. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any information or item designated as PRODUCED SUBJECT TO PROTECTIVE ORDER only to:

(a) the receiving party's outside counsel of record in this action who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation; and

(b) experts of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(e) during their depositions, witness in the action to whom disclosure is reasonably necessary;

(f) the author of the document or the original source of the information.

6. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "PRODUCED SUBJECT TO PROTECTIVE ORDER," the receiving party must so notify the designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving party must

PDF created with pdfFactory trial version www.pdffactory.com

deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

7. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8. <u>FILING PROTECTED MATERIAL</u>.

Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material. A party that seeks to file under seal any Protected Material must comply with California Civil Rules of Court Rule 2.551.

9. <u>FINAL DISPOSITION</u>.

Unless otherwise ordered or agreed in writing by the producing party, within sixty days after the final termination of this action, each receiving party must return all Protected Material to the producing party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the designating party, the receiving party may destroy some or all of the Protected Material instead of returning it. Whether the Protected

PDF created with pdfFactory trial version www.pdffactory.com

Material is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION), above.

    10.  MISCELLANEOUS.

        10.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

        10.2  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:   February 2, 2010              S/ MARKER E. LOVELL, JR.
                                       Attorneys for Petitioners

DATED:   January 18, 2010              S/ ANDREW E. BAKOS
                                       Attorneys for Claimants
                         *(original signature retained by attorney Marker E. Lovell, Jr.)*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  February 8, 2010               /s/ John A. Mendez
                                       Honorable John A. Mendez

[**Summary of pleading**] – 6

PDF created with pdfFactory trial version www.pdffactory.com

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Superior Court of the State of California in and for the County of Alameda on \_\_\_ [date] in the case of **In the matter of HYATT CORPORATION dba HYATT REGENCY MAUI RESORT & SPA, and MAUI BOAT CO., Case No. 2:09-cv-1220 JAM DAD.** I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United Stated District Court, Eastern District of California, in and for the County of Alameda for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                [printed name]

Signature: _____
              [signature]

[**Summary of pleading**] – 7

PDF created with pdfFactory trial version www.pdffactory.com