IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter<br><br>     of<br><br>HYATT CORPORATION dba HYATT REGENCY MAUI RESORT & SPA, a Delaware corporation, as *pro hac vice* owner, and MAUI BOAT CO., a Delaware corporation, as owner of M/S KIELE V, O.N. 628114, for exoneration from or limitation of liability.<br>_____/ | Case No. 2:09-CV-01220-JAM-DAD<br><br><u>ORDER GRANTING DEFENDANTS'</u><br><u>     MOTION TO DISMISS</u> |

    This matter comes before the Court on Defendants Rose Baldwin ("Rose"), Michael Baldwin, Shandle T.B. Hankins, and Aaron P. Hankins' ("Defendants" or "Claimants") motion to dismiss Plaintiffs Hyatt Corporation dba Hyatt Regency Maui Resort & Spa and Maui Boat Co.'s ("Plaintiffs") limitation action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Plaintiffs oppose the

motion.[1] Plaintiffs have also filed objections to the Declaration of Marylou Robken, submitted by Claimants with their reply to Plaintiffs' opposition to Claimants' motion to dismiss. (Docs # 52, 54).  For the reasons set forth below, Plaintiffs' objections are SUSTAINED and Claimants' motion to dismiss is GRANTED.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On January 20, 2009, Claimants filed an action for damages against Plaintiffs arising out of an incident which occurred on February 13, 2006. Baldwin v. Hyatt Corp., 2:09-cv-00161 (E.D. Cal). Plaintiffs filed this action on May 4, 2009, seeking to limit their liability under 46 U.S.C. § 30511. Claimants move to dismiss this limitation action, arguing it was not timely filed.

On February 13, 2006, while vacationing in Hawaii, Claimants took a snorkeling trip on the M/S Kiele V, a catamaran owned and operated by Plaintiffs. Claimant Rose allegedly fell while disembarking from the catamaran when she was instructed by Plaintiffs' employees to exit from the boat by ladder into the water at the conclusion of the snorkeling outing. Rose "was forced under water and was battered back and forth against the metallic ladder." (Doc # 41 at 2).

---

[1]  Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. L.R. 230(g).

2

The parties corresponded about the incident, and the series of letters and documents exchanged were included with the parties' motions for the Court's consideration (Docs # 42, 50) and are summarized below.

1. February 28 Letter

A letter was sent on behalf of Plaintiffs to Claimant Rose's Attorney on February 28, 2006, ("February 28 Letter") requesting: a signed medical records release form; the names, addresses, and telephone numbers of all doctors and medical care providers and facilities that treated Rose Baldwin for her injuries; copies of medical records and bills relating to the treatment of Rose Baldwin's injuries; a description of the type of injury sustained by Rose Baldwin; information to document Rose Baldwin's wage loss claim, if any; documentation for any out-of-pocket expenses; any other documentation that would "be of assistance to [Plaintiffs] in the evaluation of your claim;" and any available dates and times to obtain Rose Baldwin's statement.

2. March 6 Letter

On March 6, 2006, then counsel for Claimant Rose, William Bernheim, replied by declining to grant access to medical records ("March 6 Letter"), stating that Rose "is continuing to experience numbness in her arm, [] is under continuing Kaiser

Medical care[, and] has suffered a quite serious injury involving nerve damage." Mr. Bernheim also requested information about the ambulance service which transported Rose to the hospital post-injury and the ship's captain, crew, and guests on February 13, 2006.

3. March 16 Letter

Claimants' new counsel, William Lyons, sent a letter on March 16, 2006, ("March 16 Letter") to Plaintiffs, detailing his representation of Claimants. He stated that "Mrs. Baldwin sustained very serious injuries . . . and it is probable that she will have surgery as a result of serious injuries to her cervical, thoracic, and lumbar spine," Mr. Baldwin would be asserting claims for loss of consortium and emotional distress, and their 5 children would be asserting claims for severe emotional distress.

4. Other March Letters

Two letters on behalf of Plaintiffs were sent, affirming receipt of Claimants' letters and re-requesting the information sought on February 28, 2006.  One letter was sent in response by the Claimants, confirming the status of the attorneys in the case.

5. <u>September 20 Letter</u>

On September 20, 2006, a letter from Mr. Lyons ("September 20 Letter") stated that Rose "sustained serious neck, back, and shoulder injuries in [the] incident . . . [, and] the medical expenses incurred by [Rose] are in excess of $50,000. The purpose of this letter is to advise you that my client has extensive injuries and will be seeking a substantial recovery at an appropriate time."

6. <u>April 9 Letter</u>

Mr. Lyons' April 9, 2007, letter ("April 9 Letter") to the Plaintiffs included some of Rose's medical records. The letter described Rose as "presently permanently disabled," "in constant pain," and "completely incapacitated" as a result of the "very serious and debilitating injuries . . . she [] developed from th[e] incident." Mr. Lyons referred specifically to the condition Rose had developed, "Reflex Sympathetic Dystrophy," describing it as "a chronic condition characterized by severe [continuous] pain following major trauma to the bone and soft tissue[, which is] heightened by emotional distress." The letter concluded by proposing mediation before the "initiation of litigation."

Plaintiffs responded to this letter on April 16, 2007, ("April 16 Letter") requesting "a list of all medical expenses

5

incurred to date." Plaintiffs stated that the April 6 Letter would be forwarded to the carrier for Kiele V and that they would be in touch with the Claimants regarding mediation.

   7. <u>November 4 Letter and Settlement Package</u>

Andrew Bakos, attorney for the Claimants as of May 24, 2007, sent a "settlement demand" letter to Plaintiffs ("Nov. 4 Settlement Letter"), regarding "claims for personal injuries caused by [Plaintiffs]." The letter stated that "Rose Baldwin continues to suffer from the injuries sustained . . . and will continue to suffer permanent pain and disfigurement from the accident . . . Michael Baldwin continues to suffer loss of consortium and will continue to do so in all likelihood for the remainder of his wife's life." Included with the letter was "a brief description of the accident, bio-mechanical review, a detailed summary of the [Claimants'] treatment following the accident, a review of expected permanent injuries and impairments, potential brain injury, medical expenses incurred to date, changes in [Claimants'] activities and lifestyle . . . ." Claimants offered to settle for $3.5 million, but stated the injuries were valued "in the range of" $5 million.

II.   OPINION

A. <u>Legal Standard</u>

   1. <u>Federal Rule of Civil Procedure 12(b)(1)</u>

   Rule 12(b)(1) provides that a motion to dismiss may be made on the basis of "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion tests "whether the plaintiff has a right to be in the particular court . . . ." <u>Trs. of Screen Actors Guild-Producers Pension & Health Plans v. NYCA, Inc.</u>, 572 F.3d. 771, 775 (9th Cir. 2009) (internal quotation marks and citations omitted). "Rule 12(b)(1) attacks on jurisdiction can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." <u>Savage v. Glendale Union High Sch.</u>, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).  Federal courts are limited in jurisdiction; it is presumed that a case lies outside the jurisdiction of the federal courts unless the plaintiff proves otherwise. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); <u>Stock W., Inc. v. Confederated Tribes</u>, 873 F.2d 1221, 1225 (9th Cir. 1989).

   2. <u>Limitation Action</u>

   The Limitation of Liability Act allows a shipowner to limit its liability to the value of the vessel by filing an

7

action in federal court. 46 U.S.C.A. § 30501, *et seq.* (previously codified at 46 App. U.S.C.A. § 181, *et seq.*). The limitation action must be filed within six months of receiving written notice of a claim arising out of the operation of the vessel. Id. at § 30511 (previously codified at 46 App. U.S.C.A. § 185). "Whether a limitation action is filed within six months is an issue that goes to [a] court's subject matter jurisdiction." In re UFO Chuting of Hawaii, Inc., 233 F. Supp. 2d 1254, 1256 note 2 (D. Haw. 2001) (citing Tom-Mac, Inc. v. Biela, 76 F.3d 678, 682 (5th Cir. 1996)).

The requirements regarding what must be sent to start the running of the six month period are not clearly defined. See, e.g., UFO Chuting, 233 F. Supp. 2d 1254 (demonstrating the lack of a clear definition of written notice in the Ninth Circuit). "At a minimum, 'a notice which begins the six-month statute of limitations must be a notice of a claim subject to limitation.'" Id. at 1257 (quoting Jung Hyun Sook v. Great Pac. Shipping Co., 632 F.2d 100, 102 (9th Cir. 1980)). Notice "will be sufficient if it informs the vessel owner of an actual or potential claim *which may exceed the value of the vessel . . . .*" Doxsee Sea Clam Co. v. Brown, 13 F.3d 550, 554 (2d Cir. 1994) (emphasis added). There must be a "reasonable possibility" that the claim will exceed the vessel's value in order to be considered

sufficient notice, e.g., In re Morania Barge No. 190, Inc., 690 F.2d 32, 33-34 (2d Cir. 1982), "[o]therwise, an unnecessary burden would be placed on the [vessel] owners and courts by forcing the filing of an action to limit liability . . . whenever any injury occurs, no matter how trivial." UFO Chuting, 233 F. Supp. 2d at 1257. A court may consider the correspondence as a whole in determining whether the vessel owner received sufficient notice of a claim. See Doxsee, 13 F.3d at 554 (considering the "whole tenor" of the correspondence); UFO Chuting, 233 F. Supp. 2d. at 1258 (analyzing whether the letters sent by claimants, taken together, provided sufficient notice).

B. Analysis

    Because the pending motion involves a factual jurisdictional attack, see In re UFO Chuting of Hawaii, Inc., 233 F. Supp. 2d 1254, 1256 (D. Haw. 2001), the court may consider the evidence provided by the parties in ruling on Claimants' motion to dismiss. See Thornhill Publ'g Co., Inc. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). The Court has disregarded the declaration of Marylou Robken, as Plaintiffs' objections are well founded and the declaration is not necessary to support Claimants' motion to dismiss.

    The outcome of Claimants' motion turns on whether Plaintiffs received written notice under 46 U.S.C.A. § 30511

sufficient to trigger the six-month statute of limitations. Claimants argue that Plaintiffs had notice of a claim as early as March 6, 2006; however, if the March 6 Letter does not satisfy the 46 U.S.C.A. § 30511 notice requirement, Plaintiffs were provided sufficient notice no later than April 9, 2007. (Doc # 41 at 9-12). Claimants assert the totality of the correspondence clearly provided sufficient notice, requiring Plaintiffs to file a limitations action no later than October 9, 2007. Id. Accordingly, Claimants argue this action was not timely filed. Id. Plaintiffs argue that only the Nov. 4 Settlement Letter provided notice sufficient to trigger the six-month statute of limitations, as it was the first letter to alert Plaintiffs that the claims may exceed the $550,000 value of the vessel. (Doc # 48 at 5). Thus, Plaintiffs claim they timely filed the limitations action because it was filed no later than May 4, 2009. Id.

   Here, each of the Claimants' letters characterized Rose's injury as a serious one, and the Claimants repeatedly provided details about the nature of the injury and the contemplated treatments. Specifically, Rose's injury was described as: "quite serious[, ] involving nerve damage," in the March 6 Letter; "very serious," affecting "her cervical, thoratic, and lumbar spine," and probably requiring surgery, in the March 16 Letter;

10

and "serious," involving "neck, back, and shoulder injuries," in the September 20 Letter. Finally, in the April 9 Letter, Rose was characterized as "presently permanently disabled" from "very serious and debilitating injuries." Certainly Claimants made clear Rose's injuries were severe, allegedly resulting from Plaintiffs' actions.

Similar limitation actions involving correspondence which details a claimant's serious injuries find the language used here provides notice sufficient to trigger the six-month limitation period; however, in those cases, the value of the vessel involved in the injury is very small, making it clear that the letters constituted sufficient notice. See In re Hawaiian Watersports, L.L.C., 2008 WL 3065381 (D. Haw., Feb. 29, 2008) (involving a wrongful death claim where the vessel was a kayak valued at $750); In re Waterfront License Corp., 231 F.R.D. 693 (S.D. Fl. 2005) (involving a wrongful death claim where the vessel was a jet ski valued at $2,000); Coastal Excursions, Inc. v. Khoury, 2007 WL 4553961 (N.D. Ohio, Dec. 19, 2007) (involving claimant's "significant and debilitating injuries" where the vessel was a jet ski); Paradise Divers, Inc. v. Upmal, 402 F.3d 1087 (11th Cir. 2005) (involving claimant's "serious" injuries, exceeding "thousands of dollars" where the vessel was a boat valued at $50,000); In re Stair, 2008 WL

114918 (W.D. Wash, Jan. 9, 2008) (claimant's leg was amputated arising out of an incident on a boat valued at $52,000).

Claimants' action, however, involved more than one injured party. The March 16 Letter informed Plaintiffs that there were six other potential claimants, Rose's husband and their five children, making the amount of potential damages involved in this case very large. Considering the correspondence as a whole up to April 9, 2007, the letters sent by Claimants made clear it was reasonably possible their claims would exceed the value of the ship.

Plaintiffs' opposition to Claimants' motion fails to acknowledge the potential value of the claims of the Baldwin children and Rose's husband. Even if Plaintiffs are correct in asserting that the letters up to April 9, 2007 did not make it reasonably possible that Rose's claims alone would exceed $550,000, Plaintiffs cannot argue that the total damages of seven claimants would not have the reasonable potential to exceed the value of the vessel.

Because Claimants provided sufficient notice of a claim under 46 U.S.C.A. § 30511 as late as April 9, 2007, Plaintiffs were required to file a limitation action no later than October 9, 2007. Accordingly, Plaintiffs limitation action was not timely filed, and Claimants' motion to dismiss is granted.

### III. ORDER

For the reasons stated above, Plaintiffs' objections are SUSTAINED and Claimants' motion to dismiss is GRANTED.

IT IS SO ORDERED.

Dated: May 10, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE